UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. TAYLOR, IV,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK SERVICES, JASON SMILEY,<br><br>Defendants. | CAUSE NO. 3:26cv1550 DRL-SJF |

OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed a complaint seeking injunctive relief to obtain "a nutritionally adequate religious Kosher diet." ECF 2 at 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Taylor alleges his religious diet meals are prepared in a different building and brought to him in the Westville Correctional Unit where they set in the hall before being served. He alleges he was served cold meals past their expiration time from May to August 2026, which caused him to have gastro-intestinal issues and required medication. He specifically says he is not seeking monetary damages. He says he only wants "WCU

& Aramark officials [to] establish a policy/pattern of practice that provides the plaintiff with a nutritionally adequate religious Kosher diet." ECF 2 at 4.

Mr. Taylor signed his complaint on October 11, 2026. ECF 2 at 5. In it he alleges the problem with being served expired food ended in August. The Prisoner Litigation Reform Act:

> circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (cleaned up). Because he is no longer being served expired food, there is no violation of his federal rights and no basis for injunctive relief. Though it is understandable that Mr. Taylor would like to have a court order maintaining the new *status quo*, there is not currently a controversy to be adjudicated, and "[t]he Constitution limits our jurisdiction to resolving live 'Cases' and 'Controversies,' rather than issuing advisory opinions." *E.F.L. v. Prim*, 986 F.3d 959, 962–63 (7th Cir. 2021).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Without a current controversy, the court lacks jurisdiction over this case.

For these reasons, this case is DISMISSED for lack of jurisdiction.

SO ORDERED.

November 12, 2026

*s/ Damon R. Leichty*
Judge, United States District Court